**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

LISA HOLBROOK,                              )
                                            )
                Plaintiff,                  )
                                            )          Case No. CIV-12-283-D
v.                                          )
                                            )
ELITE MARKETING,                            )
                                            )
                Defendant.                  )

## <u>ORDER</u>

On July 11, 2012, the Court entered an Order [Doc. No. 19] granting Plaintiff's motion for a default judgment against Defendant. On August 31, 2012, the Court held an evidentiary hearing to determine the amount of damages recoverable by Plaintiff. Plaintiff attended in person and with her counsel of record. Notice of the hearing was provided to Defendant, but Defendant did not appear in person or by counsel.

During the hearing, Plaintiff presented evidence in support of her claim for unpaid wages, resulting from her constructive discharge as Defendant's employee, as well as her claim for emotional distress damages recoverable for her claim of unlawful discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). At the close of the hearing, Plaintiff was directed to file a brief setting out the legal authority in support of the damages claimed. The Court has reviewed the evidence at the hearing and Plaintiff's brief, and determines her damages as set forth herein.

In addition to damages for unpaid wages and emotional distress, Plaintiff asks the Court to award liquidated damages pursuant to Oklahoma law. She also seeks punitive damages available on her Title VII claim. Although she initially also sought damages consisting of a front pay award, she withdrew that request in her supplemental brief [Doc. No. 28].

Plaintiff's claim for damages consisting of unpaid wages is based on Defendant's failure to

pay her the wages required by Oklahoma law, Okla. Stat. tit. 40 § 165.1.   Although Plaintiff was paid based on commissions earned for sales, her claim is covered by the Oklahoma statute, which defines wages as including commissions.  Okla. Stat. tit. 40 § 165.1(4). An employee whose wages are based on commissions earned during employment may assert a claim for unpaid commissions under Okla. Stat. tit. 40 § 165.3 (A).   *Branch v. AmeriResource Group, Inc.*  29 P. 3d 605 (Okla. Civ. App. 2001).   Pursuant to the statute, the failure to timely pay wages gives rise to an action for damages against the employer.   Liquidated damages, costs, and attorney fees are also recoverable. *Id.* at § § 165.3(B); 165.9.

In support of this claim, Plaintiff testified at the hearing that, during the eleven weeks in which she was employed by Defendant as a sales representative, Defendant agreed to pay her wages based on a $100 commission for each completed sale.   Defendant also agreed to pay an advance of $275 per week for weeks in which she had less than three sales.

Plaintiff testified that she averaged five to eight sales per week, which entitled her to a commission of $500 to $800 per week according to her agreement with Defendant.  Plaintiff testified that she did not receive compensation for all commissions earned.  Instead,  she received only $275 per week rather than the higher amount she should have received when she made more than three sales in a week, a requirement which she testified was satisfied in each week of her employment.  According to Plaintiff, there were a few weeks in which she received a commission for her sales. However, in those instances, Defendant deducted from the total earned commission  the amount of $275 advanced to her for that week.

 Using the range of five to eight sales per week, Plaintiff calculated that she earned $500 to $800 per week in commissions, or an average of $650 per week, during her employment.  In her

2

supplemental brief, Plaintiff argues that, based on the earned weekly average commission sales and the amount she was actually paid, her average commission salary was $375 less per week than she earned and should have been paid.   According to her testimony, she terminated her employment in October of 2010, and she has never received payment for the earned commissions. Based on her eleven-week employment period, she asks the Court to award her damages for unpaid wages in the amount of $4,125.00, based on a violation of Okla. Stat. tit. 165.3(A).

Plaintiff also asks the Court to increase her requested damages for unpaid wages by awarding her liquidated damages, as authorized by the Oklahoma statute. Pursuant to the statute, where an employer wholly fails to pay the required wages after the employment terminates:

> such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day the wages were earned and due if the employer willfully withheld wages over which there was no bona fide disagreement; or in an amount equal to the unpaid wages, whichever is smaller.

Okla. Stat. tit. 40 § 165.3(B).   Because there is no evidence of a bona fide disagreement[1] with respect to the amount of wages earned by Plaintiff, she asks the Court to apply the statute and award an additional sum equivalent to  the actual wages owed at the time her employment ended, or an additional $4,125.00.   She further asks the Court to award her reasonable attorneys fees and costs, as authorized by Okla. Stat. tit. 40, § 165.9.

Having reviewed Plaintiff's testimony and the evidence of record, the Court concludes that Plaintiff has shown Defendant violated the statutory provisions for the payment of wages by not compensating her for earned commissions during her employment.   Furthermore, Defendant has,

---

[1]To establish a bona fide disagreement, the employer must take certain actions including, *inter alia,* a written notice to the employee of the relevant facts and explain the basis for the employer's belief that the wages are not due. Okla. Stat. tit. 40, §165.4(A)(2).   There is no evidence that Defendant complied with the statutory requirements.

to date, failed to do so.  Accordingly, the Court concludes that Plaintiff is entitled to recover the amount of $4,125.00 in unpaid wages, as based on the average commission she earned and should have been paid, during her employment.  The Court further finds that Plaintiff has established a basis for liquidated damages under the statute, and awards her liquidated damages in the amount of $4,125.00.  The total to be recovered by Plaintiff on her claim for unpaid wages is thus $8,250.00. Pursuant to Oklahoma law, Plaintiff is also entitled to recover her costs and a reasonable attorney fee.   Judgment shall enter accordingly.

Plaintiff also seeks emotional distress damages arising from her claim that, during her employment, Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") by discriminating against her because of her pregnancy.  A plaintiff prevailing on a Title VII claim is entitled to recover compensatory damages, including damages resulting from emotional distress, caused by the employer's unlawful conduct.  42 U. S. C. § 1981a (1).

To prevail on this claim, Plaintiff must show that she is entitled to the protections of Title VII.  As she acknowledges, Title VII defines an employer subject to its provisions as "a person...who has fifteen or more employees."  42 U. S. C. § 2000e(b).  As Plaintiff points out in her supplemental brief, the  numerical requirement of Title VII is not  jurisdictional.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006);  *Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 726 n. 4 (10th Cir. 2006) (citing *Arbaugh,* 546 U.S. at 516).  However, proof that the employer has the minimum number of employees "is an element of a plaintiff's claim for Title VII relief."  *Arbaugh*, 546 U.S. at 516.  The evidence before the Court establishes that Plaintiff cannot prove this element of her Title VII claim.

During the evidentiary hearing, Plaintiff testified that, at the time she was employed,

Defendant employed ten to twelve people.  At the time her employment ended, Defendant had a total of thirteen employees.  Plaintiff added that she was not certain of the exact number of employees, as she did not have access to Defendant's payroll records.  However, based on the information available to her, she believed thirteen people were employed.  Plaintiff presented no other evidence regarding the number of individuals employed by Defendant.

In her supplemental brief, Plaintiff argues that, because Defendant is in default, her allegations in the Complaint regarding the application of Title VII are uncontested and must be considered to be established.   As a result, she contends her burden of showing the number of employees is deemed satisfied.

The record reflects, however, that Defendant did not confess the allegations in the Complaint because it filed an Answer and was not in default until after it answered the Complaint.  Although the Court declared Defendant in default in its July 11, 2012 Order [Doc. No. 19], the reason for doing so was not Defendant's failure to file an Answer, but its persistent failure to comply with subsequent deadlines and Court orders.   In fact, Defendant timely filed an Answer [Doc. No. 8]. In the Answer, Defendant expressly alleged that it "lacks [sic] sufficient number of employees for coverage under Title VII."  Answer [Doc. No. 8] at p. 7, ¶ 27.  Thus, Defendant raised the issue of the requisite number of employees for Title VII liability, and Plaintiff must establish the existence of that number as an element of her Title VII claim.  *Arbaugh*, 546 U.S. at 516.

To support her claim for emotional distress, Plaintiff does not rely on any statute other than Title VII, nor does she cite authority which would permit the recovery of such damages.  Her wage claim is based on Oklahoma statutes which do not provide for the recovery of damages beyond those attributable to unpaid wages.

5

Because the evidence shows that Plaintiff cannot establish a right to recovery under Title VII, her claim for emotional distress damages fails.   Accordingly, she is not entitled to recover emotional distress damages.

For the foregoing reasons, the Court finds that Plaintiff is entitled to recover the sum of $8,250.00 as damages on her claim of lost wages.  She is further entitled to recover her costs and a reasonable attorney fee, and judgment shall be entered accordingly.  Plaintiff's request for costs shall be presented by filing a bill of costs in accordance with the Local Civil Rules.   She may file a motion for her reasonable attorney fees, accompanied by the necessary documentation, no later than 14 days from the date of this Order.

IT IS SO ORDERED this 22nd day of October, 2012.


TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE