**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LISA HOLBROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-12-283-D |
| v. ) | |
| ) | |
| ELITE MARKETING, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's November 5, 2012 motion [Doc. No. 31] seeking an award of attorney fees and costs incurred in this matter. On October 22, 2012, the Court entered default judgment in favor of Plaintiff, awarding her actual damages in the amount of $8,250.00. The Court also determined Plaintiff is entitled to costs and a reasonable attorney fee. Plaintiff was directed to file her motion for attorney fees with supporting documentation, and Plaintiff timely complied. Defendant was notified of the motion and has failed to respond.

Plaintiff seeks a total award of fees and costs in the amount of $3,408.75. Submitted as Exhibit 1 to her motion is the affidavit of Christine E. Coleman, an attorney of record for Plaintiff in this case, accompanied by a list of the legal work performed, the dates on which work was performed, and the hours incurred in performing the listed legal work. Pursuant to Ms. Coleman's affidavit, all work was billed on an hourly basis at the rate of $125 per hour. The submitted time entries reflect that 23.5 hours were expended, for a total of $2,937.50 in fees based on legal services. In addition, Plaintiff seeks an assessment of costs, including the $350.00 filing fee and a charge of $121.25 for a transcript of the Court's hearing on Plaintiff's motion for default judgment.

In assessing a request for attorney fees, the Court must limit the fee to that which is reasonable, which is generally determined by multiplying the number of hours reasonably expended

on the litigation by a reasonable hourly rate. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). The resulting total, known as the "lodestar," may then be adjusted to account for special circumstances, including the complexity or difficulty of the issues presented, unusual time constraints, and related matters. *Id.*

In this case, Plaintiff seeks a fee based only on the actual hours expended multiplied by the hourly rate charged. Therefore, the Court must initially determine whether the $125 per hour rate is reasonable. A reasonable rate is the prevailing market rate in the relevant community. *Guides, Ltd. v. Yarmouth Group Property Management, Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002). "Where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Id.,* at 1079(citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243 (10th Cir.1998)).

Based on the Court's knowledge of existing hourly rates charged by attorneys in the relevant community of Oklahoma City, the Court finds that $125 per hour is a reasonable rate for a plaintiff's attorney pursuing claims related to employment issues. The Court has examined the affidavit and accompanying list of the work performed and the hours devoted to each entry. The Court finds that the documentation reflects no excessive work performed by the attorney for Plaintiff, and finds that counsel exercised appropriate billing judgment and avoided duplicative efforts. *See, e.g., Anchondo*, 616 F.3d at 1102. Accordingly, the Court concludes the total 23.5 hours on which the requested fee is based is a reasonable expenditure of time under the circumstances of this litigation. Because no enhanced fee is requested by Plaintiff, the Court need not consider the complexity of the issues or any other additional factors. The Court thus finds that $2,937.50, based on the hourly rate and time expended, is a fair and reasonable fee.

The Court also finds the requested costs to be fair and reasonable and appropriate for recovery by Plaintiff. Accordingly, Plaintiff's request for $471.25 in costs is granted.

Plaintiff's motion [Doc. No. 31] is GRANTED. An additional judgment in the amount of $3,408.75 shall be entered.[1]

IT IS SO ORDERED this 4th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court previously entered judgment for the actual damages awarded to Plaintiff [Doc. No. 30], stating that she is also entitled to recover reasonable attorney fees and costs.